UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

FILED
APR - 5 2017
CLERK, U.S. DISTRICT CLERK
WESTERN DISTRICT OF TEXAS
BY_____
        DEPUTY

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| | ) |
| V. | ) CIVIL ACTION NO. |
| | ) |
| TIFFANY AND COMPANY PLATINUM AND DIAMOND SOLITAIRE RING, SERIAL NO. 35454462; | ) SA17CA0282 FB |
| | ) |
| 14K WHITE GOLD PRINCESS CUT DIAMOND EARRINGS; | ) |
| | ) |
| CARTIER PASHA SEATIMER WITH STEEL RUBBER WATCHBAND, SERIAL NO. 480812SX; | ) |
| | ) |
| BALLON BLEU DE CARTIER WATCH, 33MM QUARTZ MOVEMENT, SERIAL NO. 544559SX; AND | ) |
| | ) |
| BREITLING NAVITIMER LIMITED EDITION MENS WATCH, SERIAL NO. 3144690; | ) |
| Respondents. | ) |

### VERIFIED COMPLAINT FOR FORFEITURE

Comes now Petitioner United States of America, by and through the United States Attorney for the Western District of Texas and the undersigned Assistant United States Attorney, pursuant to Rule G, Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, Fed.R.Civ.P., and respectfully states as follows:

### I.
### NATURE OF THIS ACTION

This action is brought by the United States of America seeking forfeiture to the United States of the following properties:

    Tiffany and Company Platinum and Diamond Solitaire Ring, Serial No. 35454462;
    14k White Gold Princess Cut Diamond Earrings;
    Cartier Pasha Seatimer with Steel Rubber Watchband, Serial No. 480812SX;
    Ballon Bleu de Cartier Watch, 3mm Quartz Movement, Serial No. 544559SX; and
    Breitling Navitimer Limited Edition Mens Watch, Serial No. 3144690;

hereinafter referred to as "Respondent Jewelry."

## II.
## JURISDICTION AND VENUE

Under Title 28 U.S.C. § 1345, this Court has jurisdiction over an action commenced by the United States, and under Title 28 U.S.C. § 1355(a), jurisdiction over an action for forfeiture. This Court has *in rem* jurisdiction over the Respondent Jewelry under Title 28 U.S.C. §§1355(b) and 1395. Venue is proper in this district pursuant to Title 28 U.S.C. § 1355(b)(1), because the acts or omissions giving rise to the forfeiture occurred in this district, and pursuant to Title 28 U.S.C. §§ 1355(b)(1)(B) and 1395(b) because the Respondent Jewelry is found in this district.

## III.
## VIOLATIONS

This is a civil forfeiture action *in rem* brought against the Respondent Jewelry for violations of Title 18 U.S.C. § 1957, and subject to forfeiture to the United States of America pursuant to Title 18 U.S.C. §§ 981(a)(1)(A) and 981(a)(1)(C), and for violations of Title 21 U.S.C. § 801 *et. seq.*, and subject to forfeiture to the United States of America pursuant to Title 21 U.S.C. § 881(a)(6), which state:

**§§ 981. Civil Forfeitures**

    **(a)(1)** The following property, real or personal, is subject to forfeiture to the United States:

    **(A)**     Any property, real or personal, involved in a transaction or attempted transaction in violation of section . . . 1957 . . . of this title, or any property traceable to such property.

    **(C)**     Any property, real or personal, which constitutes or is derived from

>   proceeds traceable to . . . any offense constituting "specified unlawful activity" (as defined in section 1956(c)(7) of this title), or a conspiracy to commit such offense.

### § 881. Forfeitures

   **(a)    Subject property**
   The following shall be subject to forfeiture to the United States and no property right shall exist in them:

>   **(6)** All moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of this subchapter, all proceeds traceable to such an exchange, and all moneys, negotiable instruments, and securities used or intended to be used to facilitate any violation of this subchapter.

## IV.
## FACTS IN SUPPORT OF VIOLATIONS

See Appendix A, entitled Facts In Support of Verified Complaint for Forfeiture, filed separately under seal.

## V.
## PRAYER

WHEREFORE, Petitioner, United States of America, prays that due process issue to enforce the forfeiture of the Respondent Jewelry, that due notice pursuant to Rule G(4) be given to all interested parties to appear and show cause why forfeiture should not be decreed,[1] and in accordance with Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, Fed.R.Civ.P., and Title 18 U.S.C. § 985(c)(1)(B), that the Respondent Jewelry be forfeited to the United States of America, that the Respondent Jewelry be disposed of in accordance with the law and for any such further relief as this Honorable Court deems just and proper.

---

[1] Appendix B, which is being filed along with this complaint, will be sent to those known to the United States to have an interest in the Respondent Jewelry.

                Respectfully submitted,

                RICHARD L. DURBIN, JR.
                United States Attorney

By:    */s/ Mary Nelda G. Valadez*
                Mary Nelda G. Valadez
                Assistant United States Attorney
                Asset Forfeiture Section
                601 N.W. Loop 410, Suite 600
                San Antonio, Texas 78216
                Tel: (210) 384-7040
                Fax: (210) 384-7045
                Texas Bar No. 20421844

                Attorneys for the United States of America

## VERIFICATION

Special Agent James A. Phillips, declares that:

1. I am a Special Agent with the Drug Enforcement Administration, assigned to the San Antonio Division Office, and am the investigator responsible for the accuracy of the information provided in this litigation;

2. I have read the above Verified Complaint for Forfeiture and know the contents thereof; that the information contained in the Verified Complaint for Forfeiture has been furnished by official government sources; and based on information and belief, the allegations contained in the Verified Complaint for Forfeiture are true.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this the 5th day of April, 2017.

_____ 4-5-17
James A. Phillips, Special Agent
Drug Enforcement Administration
San Antonio Division Office